## Frost *vs. The Inhabitants of* Portland.

In repairing highways, the extent to which surveyors may incumber them will be limited by the measure of necessity — and of this, they are not the exclusive judges, but act at their peril.

Towns are liable, within the meaning of *stat. ch.* 118, *sec.* 17, as well for injuries received in consequence of obstructions *placed or deposited* in the highway as for *inherent defects.*

This was an action on the statute respecting highways, *ch.* 118, brought to recover damages for an injury sustained by the plaintiff by reason of an obstruction in a public street in the city of *Portland.*

It appeared in evidence that a quantity of bricks had been placed in Congress street, opposite the Court-House and outside the curb stones of the side-walk, for the purpose of making and completing the side-walk within the curb stones.

The counsel for the defendants contended, that for an injury arising from obstructions of this kind the defendants were not liable. But *Weston J.* overruled the objection.

It further appeared that the contractor for building an addition to the Court-House, near where the accident happened, had a written permission from the Selectmen to make use of one third part of the street for the purpose of depositing his materials under

the by-law of the city of *Portland.* Whereupon the counsel for the defendants insisted, first, that said permission, if no more than a third part of the street was occupied, justified the obstruction complained of, or, secondly, that it was conclusive evidence that the deposit of the bricks was necessary in making and completing the side-walk.

The presiding Judge instructed the jury, that although the law imposed upon the defendants the duty of keeping their public streets and highways in a state and condition safe and convenient for the public accommodation ; yet that in making and repairing the same, such temporary obstructions as were essential and necessary to the discharge of this duty would be justified ; but that the justification could not be, extended beyond the necessity. That this was the general law, which could not be modified or changed by any by-law of the town. And that, notwithstanding the by-law, if the jury were satisfied from the evidence that the piles of bricks were extended into the street farther than was necessary in the making of the side-walk, and the plaintiff thereby sustained an injury, no want of ordinary care being imputable to him, the defendants were liable.

If the foregoing rules and instructions were erroneous the verdict, which was for the plaintiff, was to be set aside and a new trial granted, otherwise judgment was to be rendered thereon.

*Fessenden,* for the defendants, insisted that for an injury arising from an obstruction of this kind, towns were not liable. Towns are required by statute to keep highways in repair — and by necessity the mode of doing it, and the extent of necessity for incumbering the road, are given by the same statute. The surveyors, as the agents of towns, are the exclusive judges of this necessity. They are necessarily made so, by the duties imposed on them.

The statute upon which this action is founded, was intended to apply to cases of *defects in highways,* and not to the *depositing of obstacles* in them. If the streets are in *good repair,* the town cannot be liable, though incumbrances may have been thrown across them. The person who placed the obstruction in the road would be the only person liable for damages. *Commonwealth v. Springfield,* 7 *Mass.* 9 ; *Todd* v. *Rome,* 2 *Greenl.* 55.

*N. Emery* and *D. Goodenow*, for the plaintiff, maintained that the town was liable under the circumstances of this case — that, the town was not made the exclusive judge of the extent necessary to incumber a road — that the statute applied as well to *obstructions* placed in the road, as to some *inherent defect,* — and cited the following authorities: *Springer* v. *Bowdoinham,* 7 *Greenl.* 442; *King* v. *Bridekirk,* 11 *East,* 304; *Commonwealth* v. *Petersham,* 4 *Pick.* 119; *Commonwealth* v. *Worcester Turnpike,* 3 *Pick.* 327; *Bigelow* v. *Weston,* 3 *Pick.* 267; *Day* v. *Savage, Hob. Rep.* 85.

WESTON J. delivered the opinion of the Court.

From the evidence, which satisfied the jury, the injury complained of was occasioned by a deposit of bricks in the street, intended to be used in making and completing a side-walk. The effect of the permission, therefore, given by the selectmen of *Portland,* under a by-law of the town, to the contractor employed in building an addition to the court-house, near where the accident happened, to use a third part of the street, it is unnecessary in this cause to settle. Had the injury arisen from deposits placed there by the contractor, it would have been necessary to have considered that question.

The liability of towns to respond in damages for injuries of this sort, clearly arises from statute, as has been contended by the counsel for the defendants. Whether it might not have resulted from the section, imposing the duty to repair, need not be decided, as another section in the same statute gives the remedy to the party injured, in express terms.

The duty enjoined is, that all highways, townways, causeways, and bridges, lying and being within the bounds of any town, shall be kept in repair, and amended from time to time, that the same may be safe and convenient for travellers, with their horses, teams, carts and carriages, at all seasons of the year, at the proper charge and expense of the inhabitants of such town. And a remedy is given against the town for a person, who sustains damage, through any defect or want of necessary repair, in such highway, causeway or bridge. The act must receive a reasonable construction; and time and opportunity must be afforded to towns

to fulfil the duty. Thus, although highways are to be kept in repair, at all seasons of the year, yet if they become defective, as they often do, by reason of causes not under their control, parts of them are often necessarily impassable, while undergoing repairs. All that can then be required is, that travellers should be warned of their danger, by a railing, or by something else which may answer the same purpose. This privilege, growing out of the necessity of the case, must be limited by it. The convenience of the public is paramount to every other consideration, except that which is essential to enable towns to discharge their duties.

It is urged that surveyors of highways, while performing the service assigned them, are the exclusive judges, how far it is necessary to incumber, for the purpose of repairing. Upon this point, they will of course exercise their discretion; as they must as to the degree or extent of the repairs, which the public convenience may require. Both in the first instance must depend upon their judgment; but both are open to public inquiry; the one as much as the other. We are unable to perceive any difference. They determine at their peril, or at the peril of those by whom they are appointed. If a question arises, whether the duty has been performed, or whether legally performed, it must be determined as all other questions are, which arise in the course of judicial proceedings; if of law, by the court; if of fact, by a jury.

It is insisted if roads are otherwise in a state of repair, towns are not answerable for deposits or incumbrances placed upon them; but that the party injured must look to the individual, by whom the nuisance was caused. A deposit in the road as effectually destroys its usefulness, as an excavation, however occasioned. It cannot be tolerated, and must be removed. The individual may not be known, or may not be responsible. The policy of the law fixes this duty upon towns, who have officers charged with its performance. Thus every citizen has an interest, not only to prevent an incumbrance, but to hasten its removal. It is too narrow a construction, to hold that a deposit which, while suffered to remain in a road, renders it impassable, is not a defect in it. The law looks not to the cause of the defect, or to the remedies which a town may have over, or to any cumulative rem-

edy, which the person injured may have against others. It has, for adequate reasons of public policy, imposed upon towns both the duty and the liability. Whether a bridge has been wantonly destroyed by individuals, or accidentally by fire or flood; whether an excavation has been made by design, or by running waters; whether an obstruction in the road has happened by the unauhorized act of individuals, or by the falling of trees uprooted by the wind, the public convenience equally requires, that the necessary amendment and repairs should be speedily made.

This objection was not taken in *Springer v. Bowdoinham*, 7 *Greenl*. 442; but if tenable, would have been fatal to the action. It is a decision directly in point; and the force of it is to be avoided only by the suggestion, that this ground of defence was overlooked by the counsel for the defendants and by the Court. In *Tyler v. Weston*, 3 *Pick*. 267, the same objection was taken, and overruled.

*Judgment on the verdict.*