## SILAS ANDERSON *versus* CITY OF BATH.

It is incumbent on the Judge presiding in a trial, to give to the jury, at the request of a party, any instruction which is in accordance with law and is based on evidence in the case tending to show the state of facts which it supposes; but he is not bound to give it in the language of the request, nor as a "requested" instruction.

When an injury is occasioned by a defect in the highway *and some other cause* for which the town is not responsible, the town is not liable in damages for the injury.

In order to render the town liable, the injury must be occasioned *solely* by its neglect.

A defect in the highway cannot be held to have occasioned an injury when some other cause combined to produce it.

If the jury find, in an action against a town for an injury alleged to have been occasioned by a defect in the highway, that there was a defect in the plaintiff's harness which did in fact contribute to produce the injury, he cannot recover.

If such defect in the harness was unknown to the plaintiff, and the exercise of ordinary care and prudence would not have enabled him to discover it, the result will still be the same; he cannot recover for the injury.

ON EXCEPTIONS from *Nisi Prius*, MAY, J., presiding.

This was an action to recover damages for an injury alleged to have been received by the plaintiff, in consequence of an obstruction in a public street.

The points involved in the case are stated in the opinion of the Court.

The verdict was for the plaintiff, and the defendants filed exceptions to certain rulings of the presiding Judge.

They also moved that the verdict be set aside and a new

trial granted for the reasons, (1,) that the verdict was against law; (2,) against the evidence and the weight of the evidence; and (3,) because the damages were excessive.

*Gilbert* and *Bronson*, for plaintiff.

*Tallman* and *Paine*, for defendants.

TENNEY, C. J.—The counsel for the defence requested the presiding Judge, among other things, to instruct the jury, "that if the injury was occasioned by inevitable accident arising from defect in the harness, as by which defect, contributing in combination with defects in the street or streets, the plaintiff cannot recover; that this would be so, although the plaintiff had no knowledge of such deficiency of harness, and was in no fault for the want of such knowledge."

If there was evidence, tending to show such a state of facts, as the request supposes, and they would in law prevent a recovery by the plaintiff, it was incumbent on the Judge to have given the instruction in some form; but he was at liberty to state it in different language, from that used in the request, and was not bound to present it as a requested instruction.

John Weeks is reported in the case to have testified, that after the plaintiff received the injury, for which he claimed damages in the action, he told him, in reference to the accident, that "his rein gave way, before he upset, or he should have done a little better than he did;" that he did not state what started his horse; he said that, "when his rein broke, something fell and started his horse, so that he sheered to the south."

Sewall B. Ham testified, that just before the injury was received by the plaintiff, he saw him as he went down Broad street; that the oars, which were in his wagon, appeared to make a noise, and the horse became restive; that the plaintiff spoke to him, and checked him, so that he nearly stopped at Jackson's shop; and as he started again, he saw that one of his reins had either parted or dropped down, and the horse then started faster; witness was unable to say whether the rein was broken; he had but one rein, and that was the right

one, which he had in· his right hand; he saw the end of the rein hanging down; the near one was next to him.

By the general instructions given to the jury, they were to inquire, whether the harness and the wagon were defective; and whether such defect, if any, contributed to produce the injury; also, whether the defect was by reason of the want of ordinary care in the plaintiff; or whether it was unknown to him; and if so, whether he was in fault on account of a lack of knowledge thereof. Upon such findings, the jury were instructed as to the legal results which would follow, to all which there can be no objection.

If the jury had found the fact that there was a defect in the harness, and the existence of that defect was unknown to the plaintiff, and the exercise of common and ordinary care and prudence would not enable him to have discovered it, and it did in fact contribute to produce the injury complained of, the case would fall within the principle of *Moore* v. *Abbott,* 32 Maine, 46. This was the instruction which was substantially requested by the counsel employed in the defence of the action before us.

The instruction requested, not having been given in the terms employed by counsel, and the doctrine maintained in defence, embraced in the request, not being found in the general instructions, on the authority of the case cited, the

*Exceptions are sustained, verdict set*

*aside, and new trial granted.*

Rice, Appleton, Cutting and May, J. J., concurred.