MERRILL (JONES v.). See Case No. 7,481.

MERRILL (ORR v.). See Case No. 10,591.

MERRILL (PETTY v.). See Cases Nos. 11,-049-11,051.

---

## Case No. 9,470.
### MERRILL v. PORTLAND.
[4 Cliff. 138.] ¹

Circuit Court, D. Maine. Sept. Term, 1870.

NEGLIGENCE—HIGHWAYS— DUTY TO KEEP IN REPAIR—WOODEN AWNING—CONDITIONS TO RECOVERY—INJURY—PROXIMATE CAUSE.

1. Towns are required, by the statute of this state, to keep their highways in such repair as to be safe for travel, either by day or night.

2. Compensation may be recovered, in this state, from any town bound by law to keep their highways in repair, for an injury received by any person travelling on such road or way, in the exercise of ordinary care, provided it be shown that the town had reasonable notice of the defect.

3. A wooden awning was well and strongly built, projecting from a shop or building over a sidewalk; at one end was attached to the awning, in a safe manner, a board, used as a signboard. As the plaintiff was passing under the signboard, the awning was struck by the carriage of a teamster, who was driving in the street, and who had approached near to the side where the awning was. The board fell and injured the plaintiff. Held, that the town was not liable, because the court could not determine whether the bodily injury was received through a defect or want of repair of a way or not.

4. The construction given to a state statute by the highest court of the state in which the statute is enacted is obligatory upon this court when seeking the construction of that statute.

[Cited in Lookout Mountain R. Co. v. Houston, 44 Fed. 450.]

5. Under the laws of Maine, certain conditions are annexed to the right to recover from a town for injuries received in consequence of a defective highway, which are as follows:—(1) The highway must be one the town is bound to keep in repair. (2) It must have been defective at the time of the accident. (3) The plaintiff must have been injured as alleged in the declaration. (4) The town must have had reasonable notice of the defect prior to the injury. (5) The plaintiff must have been in the exercise of ordinary care at the time of receiving the

¹ [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

injury. (6) The injury must have been occasioned solely by the defect, and not by any want of ordinary care on the part of the plaintiff.

6. The question whether the way was out of repair, or defective, or not, is one of fact for the jury, and that having been submitted to them under instructions to which no exception was taken, the court was not inclined to question the finding or set the verdict aside on the ground that that was an improper finding.

7. It was manifest that the jury found the awning to be a defect; therefore, the question for the court was whether the plaintiff received the injury by reason of such defect, under the existing statute of this state, conferring the right of action in such cases.

8. Travellers may receive injuries while travelling upon defective highways, and such as are not occasioned by the defects or their own negligence, and still the town required to keep the same way in repair, not be liable for the injury.

9. An injury may be produced by the united effect of a want of repair in a road, and some other cause, and the injured party not be entitled to recover from those whose duty it was to keep the way in repair.

10. If an obstruction be left in a street by a responsible party, still, if the town, by its own neglect, allow the obstruction to remain until it is chargeable with notice, the town, &c., is liable to a person injured by reason of the existence of such obstruction.

Trespass on the case [by Mary W. Merrill] to recover damages for personal injury, alleged to have been received by reason of a defective highway, in Portland. The alleged defect was an awning projecting from the front of a store, over the sidewalk. This awning was struck by a team, with a high rack projecting over the wheels, and a board was thereby knocked off the awning, which, falling on the plaintiff, passing under the awning, caused the injury. Verdict for plaintiff. Motion for new trial.

Geo. F. Talbot and A. Merrill, for plaintiff. J. W. Symonds, City Sol., for defendants.

Before CLIFFORD, Circuit Justice, and FOX, District Judge.

CLIFFORD, Circuit Justice. Travellers have a right to travel by night, as well as by day, and towns are required by law, in this state, to keep their highways, townways, and streets in such repair that they shall be safe and convenient for that purpose. Compensation for any bodily injury received by a traveller, through any defect or want of repair in any highway, townway, or street, may be recovered of the town, bound by law to keep the same in repair; provided it appears that the town had reasonable notice of the defect or want of repair, and that the plaintiff was, at the time, in the exercise of ordinary care. Rev. St. Me. 227. Severe bodily injuries were received by the plaintiff, on the 16th of August, 1866, while walking up Congress street in this city, by the falling of a wooden awning attached to the front of the store, numbered 366, occupied at the time by Walker & Son, doing business as fruit dealers and confectioners. When the accident occurred, the plaintiff was on the sidewalk on the southeasterly side of the street, and the evidence showed to the satisfaction of the court and jury that she was in the exercise of ordinary care. Although the awning was constructed of wood, still the evidence showed that the frame was well and strongly built, of sound timbers, supported by four rafters, attached to a joist, spiked securely to the front of the building, and by three iron rods or braces, secured to the building above the frame of the awning by screws, and connected with the front of the frame which supported the awning, by screw bolts running through the plate of the awning frame. Damages were claimed by the plaintiff of the defendants upon the ground that the awning, as constructed, rendered the street defective, and, being unable to adjust the controversy with the proper authorities, she brought an action of trespass on the case, against the defendants, in the circuit court for this district. Service was duly made, and the defendants appeared and pleaded the general issue, and, upon that issue, the parties at the last term went to trial, and under the instructions of the court, the district judge presiding, the jury returned a verdict for the plaintiff, assessing the damages in the sum of $5,000. Dissatisfied with the verdict, the defendants filed a motion to set it aside, and for a new trial, upon the following grounds: (1) Because the verdict is against the evidence and the weight of the evidence. (2) Because the verdict is against law. (3) Because it is manifestly against the instructions of the presiding justice.

Since that time the several questions involved in the motion have been very fully and ably argued, and the court is now prepared to dispose of the case. Certain conditions are annexed to a right of action for such an injury, which are created by the statute conferring the right, either in express terms, or by the construction given it by the state courts, which is as obligatory in this court as the text of the statute. Leffingwell v. Warren, 2 Black [67 U. S.] 603. They are as follows,—and they must all concur, before it can be held, that the defendant town is liable (Nichols v. Brunswick [Case No. 10,238]: (1) That the highway was one that the inhabitants of the town were bound to keep in repair. (2) That it was defective and out of repair at the time of the accident. (3) That the plaintiff was injured as alleged in the declaration. (4) That the town had reasonable notice of the defect, prior to the injury. (5) That the plaintiff was in the exercise of ordinary care at the time the accident and injury occurred. (6) That the injury was occasioned solely through the defect or want of repair in the way, whether highway, townway, or street, and not from any negligence or want of ordinary care on the part of the injured party.

Two of those conditions,—the second and

sixth,—it is contended by the defendants, did not occur in the case, and that the jury were not justified in so finding, either from the evidence introduced in the case or by the instructions of the court. On the contrary, they insist that the street was not defective or out of repair at the time of the accident, and that the injury was not occasioned, either wholly or in part, by any defect or want of repair in the street; but wholly by the negligence and carelessness of a third party, for whose acts they are not in any respect responsible. They do not impute any negligence or want of ordinary care to the plaintiff; but they insist that the injury was occasioned by the negligent and careless act of a teamster who was passing up Congress street at the same time, travelling with his wagon, drawn by three or more horses, somewhat faster than the plaintiff. The wagon had a high rack, wider than the distance between the wheels, and projecting over the sides of the same, such as teamsters use to transport empty barrels from their place of manufacture in country towns to this market. Although the travelled part of the street is forty feet wide, the teamster had turned his horses to the south-easterly side of the same, and as the team approached the place where the accident occurred, the wagon wheels on that side were moving in the gutter near the curb-stone, and, as he rode along, the top of the rack on that side, struck the westerly corner of the awning, just as the plaintiff passed under it, knocking off the end board of the awning, used also as a sign by the occupants of the store; and the board so torn from its fastenings, fell upon the head of the plaintiff, knocking her down and bruising her badly, and injuring the nerves of the eyes so severely, that she has become entirely blind, without any prospect that she will ever recover her sight. Evidence was also introduced, showing that the awning was built some two months before the accident, and that it remained there some two years and a half, when, a large mass of snow having accumulated upon the covering, it was broken down by the weight. Unless the witnesses misstate, the awning was constructed of good materials, and it was securely attached to the front of the store. Before the accident, the end board which was knocked off by the teamster in the manner described, was once taken down, that the occupant of the store might have his name or the name of his firm painted on it; but the testimony shows that it was subsequently replaced, and apparently in a safe manner, and so continued to the time the accident happened. Much testimony was introduced on the question whether the awning, as constructed, was of the height and width as required by the city ordinance. On the part of the plaintiff, it was insisted that it was not of the required height, and that it was also defective, inasmuch as it extended into the

street, three or four inches beyond the curbstone. Both of these propositions, if fact, were controverted by the defendants, and they introduced testimony to establish the opposite theory; but the question whether the street was defective or out of repair, in every aspect of it, was one of fact for the jury, and inasmuch as the same was submitted to their consideration, under instructions to which no exceptions were taken, the court is not inclined to assume that in that respect there was any error in the action of the jury. Doubts are entertained by the district judge, whether he would have found in accordance with the verdict if the question had been submitted to his determination; but in view of the fact that there was considerable evidence in support of the finding of the jury, he fully concurs in the conclusion that the verdict should not on that ground be set aside.

Negligence cannot be imputed to the plaintiff; but it is clear to a demonstration that the teamster was both negligent and rash, and that if he could be identified he would be liable to make compensation to the plaintiff for the injuries she received by the falling of the board. Suggestions of that kind, however, are of little or no avail, as the evidence furnishes no ground to hope that he can be found, and, if discovered, it may be found that he is wholly irresponsible. Judging from the evidence as reported, the only person who saw him drive his wagon, or the rack on the same, against the awning, was the police officer, who testifies that he, the teamster, first collided with the wagon of the witness, which was standing on the same side of the street, opposite the store next below the one to which the awning was attached; that he saw the rack when it first struck the awning; that he hallooed to him to be careful, that he would break down the awning; that he gave no heed to the warning, and that, as his team advanced, the corner of the rack struck the end board of the awning, and it fell on the head of the plaintiff in this case.

Evidently, the jury found that the awning constituted a defect in the street, and, in view of that finding, the only question in the case is, whether they were also justified in finding that the injury was received by the plaintiff through that defect, within the meaning of the statute of the state upon which the action is founded. By that statute it is provided that if any person receives any bodily injury . . . through any defect or want of repair, or sufficient railing in any highway, townway, causeway, or bridge, he may recover for the same, in a special action on the case, of the county, town, or persons obliged by law to repair the same, if such county, town, or persons had reasonable notice of the defect or want of repair. Rev. St. Me. 227.

Viewed in this light, as the case must be, it is manifest that the rights of the parties

depend upon the true meaning of the phrase in that statute,—"receives any bodily injury through any defect or want of repair," and it is evident that the parties by their counsel have taken the same view of their rights, as is evidenced by their elaborate briefs and very able arguments presented orally to the court.

Bodily injury of a very serious and permanent character, beyond all doubt, was received by the plaintiff, without any fault on her part, by the falling of the board; but the question is, whether she received the injury through the defect or want of repair in the street, within the meaning of that statute. Except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, the laws of the several states shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply. Such was the provision of the judiciary act, and it has remained in force to the present time without modification or repeal. 1 Stat. 92. "Infinite mischief would ensue," said Marshall, C. J., "should this court observe a different rule in construing the statutes of a state, from that established by the judicial authority of the state." M'Keen v. Delancy, 5 Cranch [9 U. S.] 22. In cases depending on the statutes of a state, the federal courts adopt the construction given to the statute by the highest court of the state, where that construction is settled and can be ascertained. Polk's Lessee v. Wendell, 9 Cranch [13 U. S.] 98; Emendorf v. Taylor, 10 Wheat. [23 U. S.] 157. Justice to the citizens of the several states required this to be done, and the natural import of the words in the act of congress includes the laws in relation to evidence and rights conferred by statute, as well as the laws in relation to property. Vance v. Campbell, 1 Black [66 U. S.] 430; Wright v. Bales, 2 Black [67 U. S.] 535; Loring v. Marsh [Case No. 8,514]. Other authorities of like import might be cited; but it is sufficient to say that the construction given to a state statute by the highest judicial tribunal of the state, is regarded as a part of the statute, and is as obligatory in the federal courts as the text. Leffingwell v. Warren, 2 Black [67 U. S.] 599. Governed by those authorities, it becomes the duty of the court here to follow the state decisions, as ascertaining the true intent and meaning of the provision under consideration. "Persons may be injured," said Shepley, C. J., in Moore v. Inhabitants of Abbot, 32 Me. 46, "while travelling on the highway, without being blameworthy and without the fault of those who are required to make the ways safe and convenient, and in such cases the risk is their own."

Persons may also suffer injury while travelling upon the highway which is not safe and convenient, and the injury may not be occasioned by the want of repair, or by their own want of care to avoid it, and in such a case, the same learned judge said, it would be quite clear they could not recover damages of those who were in fault by neglecting to keep the way safe and convenient. Several other propositions were also laid down in that case, which it becomes important to notice, as they are directly applicable to this case; for example, that an injury may also be occasioned by the united effect of a defect in the way, and some other cause, and in that case the court say that the party injured cannot recover of those whose duty it was to keep the way in repair; because he does not prove that the injury was occasioned through or by reason of such want of repair, and, as applied to the case then before the court, no doubt is entertained that the principle laid down is correct. He should prove, in order to recover, that the injury was occasioned entirely through the defect or want of repair, for the statute was not intended to impose upon towns the burden of making compensation for injuries not occasioned by their own neglect of duty. Travellers are bound to exercise ordinary care, and if they do not and their negligence or want of ordinary care contributes to the injury, the injured party cannot recover of the county or town bound to keep the same in repair, as it cannot be held, in that state of the case, that the injury was occasioned entirely by the defect or want of repair in the way where the injury occurred, as it is certain that the negligence or want of ordinary care of the plaintiff contributed to the result.

Cases may often arise, also, where the way is defective and the proof of injury clear, and yet it may appear that the act of a responsible third party either caused the injury by forcing the injured party upon the obstruction, or contributing to it, as in this case, and in that state of the evidence it is equally clear that the county or town, though bound by law to keep the way safe and convenient, is not liable to the injured party under that statute, as in that state of the case it cannot be determined that the bodily injury was received solely through the defect or want of repair in the way. Expressions are certainly found in that opinion which leave it to be inferred that the exemption of towns from liability under that statute, would be extended to cases where the contributory act was the direct consequence of some natural cause, as where the horse of the traveller, though of good temper and well trained, is caused to shy by lightning, or by the rays of the moon suddenly falling on the pathway, through the opening clouds, or other similar incidents occurring in the experience of every one accustomed to travel by night. Certainly, towns are not responsible because the horse of the traveller suddenly becomes frightened and starts aside. The question of the liability of towns, &c., where, under such circumstances, the traveller is thrown over a bank or into a stream for the want of a sufficient railing, is a very different one from

the question before the court, where it appears that the end board of the awning, which fell upon the head of the plaintiff, was forced from its fastenings by the negligent and rash act of a legally responsible party. Later decisions of the state court hold that the town is not liable, even where the horse of the traveller, though well trained, is caused to shy by the noise created by the diving of a muskrat into the water of a stream at the moment the horse is crossing the bridge, and where the traveller was thrown from his carriage and injured, from the want of a sufficient railing. Such cases, and others of a like kind, as where the horse is frightened by the cry of a child in an adjacent house, or the shriek of an insane person, or the sudden start of a hare or flight of a bird, present a question of construction which, if res integra, would deserve far more consideration than the one in this case, as the incidents adverted to are such as every person meets who is accustomed to travel in the night; but the court does not find it necessary to examine any such question, as the case before the court is unquestionably controlled by the rule of construction actually laid down in the leading case decided by the state court, which has ever since been followed without doubt or hesitation, as giving the true construction and meaning of that wise and humane enactment. Bigelow v. Reed, 51 Me. 329; Coombs v. Topsham, 38 Me. 204; Anderson v. Bath, 42 Me. 348.

Suppose the general rule to be as it is assumed by the court, still it is contended that the cases Springer v. Bowdoinham, 7 Me. 445, and Frost v. Portland, 11 Me. 271, admit of an exception to the general rule, and that the case before the court properly falls within that exception; but the court is of a different opinion. Undoubtedly towns in certain cases are liable, under those decisions, for an injury received by a traveller, by means of an obstruction placed or left in a highway, townway, or street by a responsible third party, where the obstruction has been allowed to remain in the highway, townway, or street, until the town is chargeable with notice, but in such cases, the county or town is liable to the injured party, because of their negligence in suffering it to remain, and not on account of the act of the third party in placing or leaving it in the travelled part of the way. They are bound to repair any such way, as well as to open and make it, and by suffering the obstruction to remain after they have notice of its existence, they become chargeable, because the way is defective and out of repair. Such cases however, afford no support to the claims of the plaintiff, as they rest entirely upon different ground. Kidder v. Dunstable, 7 Gray, 104. Reference need only be made to such portions of the instructions of the court as relate to the question under discussion. They were as follows: "That if the jury find that the awning as constructed was a defect in the street,

and that the travelled part of the same, outside of the sidewalk, was safe and convenient, so that the teamster with his team could have passed over any part of it without difficulty, and that he reined his team into the gutter, and so drove along as to strike the awning with the corner of his rack, and thereby forced off the end board of the same, so that it fell upon the plaintiff, causing the injury for which the suit is brought, and that the board would not otherwise have fallen, the defendnats are not liable, because, when an injury is occasioned by the united effect of a defect in the highway and any other cause, the town or city is not liable." Both parties agreed in the correctness of that instruction, and inasmuch as it is substantially in accordance with the rule laid down in the leading case upon that subject as decided by the supreme court of the state, it was the obvious duty of the jury to have followed it, and if they had done so, their verdict must have been for the defendants. Any remarks to apply the instruction to the evidence as reported is quite unnecessary, as the proper application is as obvious as anything can be in judicial investigations.

Verdict set aside, and a new trial granted.