## JOHN O. NEWTON *vs.* GEORGE E. WEAVER.

The action for malicious prosecution is given in favor of an innocent plaintiff, not of a guilty one. Hence when A. brought trover against B., and B., after a verdict in his favor, sued A. for malicious prosecution:

*Held,* that evidence of facts tending to show B.'s guilt, which facts were not known to A. when he brought the action of trover, although inadmissible to show probable cause on the part of A., should be admitted as bearing on the actual guilt of B.

In the suit for malicious prosecution A. requested the presiding judge to charge the jury that if in the action of trover the question of fact whether B. had been guilty of acts amounting to trover and conversion was submitted to the jury and deliberated upon, then a verdict for the defendant should be given in the suit for malicious prosecution:

*Held,* that this request was properly refused.

A plaintiff, who, after consulting legal counsel in good standing and fully disclosing the facts of his case within his knowledge, brings an action relying in good faith on the advice of such counsel, is not liable in a suit for malicious prosecution for bringing such action.

If a judge's charge, taken as a whole, is correct in law, particular expressions are not open to exception.

General exceptions to a judge's charge not specifically taken will not be considered by a court of review.

When it is clear that a verdict was not punitive, a new trial will not be granted because the presiding justice failed to define punitive damages.

EXCEPTIONS to the Court of Common Pleas.

*February* 11, 1882. MATTESON, J. This is an action of the

---

[1] *i. e.* the discharge of all the fouled waters into a sewer to be constructed along the line of the stream.

case for malicious prosecution. The prosecution alleged to have been malicious was an action of trover, brought against the plaintiff by the defendant, for the conversion of a quantity of hardware and other materials, sold to the plaintiff by the defendant, to be used in the erection of certain dwelling-houses, which the plaintiff was engaged in building. At the trial of the present action the defendant offered to show, by examination of the plaintiff and another witness, certain facts tending to prove that the plaintiff purchased the goods with the intent not to pay for them, and so was guilty of the conversion of the goods charged against him in the trover suit. The court excluded the testimony and the defendant excepted.

The purpose for which the testimony was offered appears to have been to establish probable cause for the prosecution of the trover suit. We think it was inadmissible for that purpose. The record does not disclose, nor was there any offer to show, that the matters proposed to be inquired about were known to the defendant when he instituted the action in trover. Though it has sometimes been held that probable cause depends upon the fact of the guilt or innocence of the accused, the more reasonable view, and that sustained by the decided preponderance of authority, is that probable cause depends, not on the fact of guilt or innocence, but on the prosecutor's belief in it, at the time of prosecution, upon reasonable grounds. *King* v. *Colvin,* 11 R. I. 582, 584, and cases cited. As the matters proposed to be inquired about were not known to the defendant when he brought the suit in trover, they did not afford him probable cause for that suit.

For the same reason they could not have operated on the mind of the defendant in inducing him to bring the suit, and were, therefore, inadmissible for the purpose of rebutting the presumption of malice.

But though inadmissible to establish probable cause, or to rebut the charge of malice, we think the testimony should have been received. The action for malicious prosecution was designed for the benefit of the innocent and not of the guilty. It matters not whether there was probable cause for the prosecution, or how malicious may have been the motive of the prosecutor, if the accused is guilty he has no legal cause for complaint. The grounds of this

action, says Ruffin, C. J. in *Bell* v. *Pearcey*, 5 Ired. 83, 84, quoting from Buller Nisi Prius, 14, have. been said to be "on the plaintiff's side, innocence; on the defendant's, malice." Again, in the same case, page 86, he says: "There is no doubt that a defendant in this action may allege that the plaintiff, though acquitted in the prosecution, was actually guilty, and that he may prove the guilt by any evidence in his power, though discovered after the prosecution began, or after it ended. The law does not give the action to a. guilty man. He brings it as an innocent one, and if it appears on the trial in any way that he is not, he must fail." See, also, *Johnson* v. *Chambers*, 10 Ired. 287, 291; *Bacon* v. *Towne*, 4 Cush. 217, 241; *Barber* v. *Gould*, 27 N. Y. Supreme Court, 446, 447; *Turner* v. *Dinnegar*, 27 N. Y. Supreme Court, 465, 466. As the testimony offered tended to prove that the plaintiff was guilty of the alleged conversion of the goods, and as his guilt, if established, would have barred his right to recover, we think the court erred in rejecting it, and, therefore, sustain the first three exceptions.

The fourth exception was not pressed at the hearing.

The defendant requested the court to charge the jury, that if they found that in the trover suit the question of fact, whether Newton had been guilty of acts amounting to trover and conversion, was submitted to the deliberation of a jury, and was deliberated upon by them, they must find that there was probable cause, which would justify his prosecution by Weaver, and their verdict must be for the defendant. As the issue submitted to the jury in the suit of *Weaver* v. *Newton* was the fact of Newton's guilt or innocence of the conversion with which he was charged, and not Weaver's belief in respect to such guilt or innocence. at the time of bringing that suit, it follows, from what we have already said with reference to the nature of probable cause, that this request was properly refused. The fifth exception is therefore overruled.

The sixth, seventh, and ninth exceptions involve the correctness of the charge to the jury upon the point, whether or not the defendant was justified by the advice of counsel in bringing the suit in trover. We think the charge was substantially correct. The jury were told, in effect, that if Weaver consulted counsel, a lawyer in good standing, for. the purpose of ascertaining his legal

rights, and submitted to his counsel a full and correct statement of the facts within his knowledge, and was advised by his counsel that he had a good cause of action in trover, and proceeded in good faith upon that advice in bringing the suit, he was justified in so doing, and would not be liable. The modifications of the instructions requested did not materially alter their meaning. The court is not obliged to give instructions in the precise form in which they are asked. *Anderson* v. *Bath*, 42 Me. 346, 347 ; *Walcott* v. *Keith*, 22 N. H. 196, 198, 211 ; *Marshall* v. *Flinn*, 4 Jones, 199, 203 ; *State* v. *Shaw*, 4 Jones, 440, 443. Nor can particular expressions be objected to, if the charge as a whole leads to a correct conclusion. *Gascoyne* v. *Smith*, M'Clel. & Y. 338, 347, 348.

The eighth and tenth exceptions were not specifically taken at the trial. At the close of the charge, the defendant's counsel excepted generally to each and every portion of the charge, except in so far as the court had charged in accordance with his requests. We do not think that this mode of taking exceptions ought to be encouraged, or that exceptions so taken ought to be considered. It rarely happens that a judge at *nisi prius* has the opportunity to frame his instructions to the jury with the care and precision which he might employ in delivering the opinion of the court in *banc*, after full examination of authorities and mature consideration. He may often use expressions which, as propositions of law, may need modification or limitation, but which are, nevertheless, sufficiently accurate for the purposes of the case in hand. Indeed, such expressions may often be more intelligible to a jury, and less likely to confuse or mislead them in reaching a just conclusion, than the more precise and formal statements of the law laid down in reports and treatises. If deemed objectionable, it is the duty of counsel to call attention to them at the time, that the court may qualify or limit them, if necessary. Failure to do so should be regarded as a waiver of the right to claim exception to them. To permit a general exception of this nature, not specifying the alleged errors, to be used as a sort of drag-net, to catch and take advantage of inaccuracies on the part of the court, not sufficiently glaring to be noticed, or perhaps thought of at the time, but which the leisure and ingenuity of counsel, with a report of the charge

before him, may suggest, would manifestly oftener defeat than promote the ends of justice.

But these exceptions would have been of no avail to the defendant, even if they had been specifically taken.

· The ground of the eighth exception is, that the judge misled the jury by directing their attention to a false issue, inasmuch as he left it to them to say upon the evidence, whether or not Newton was guilty of obtaining the goods from Weaver by false and fraudulent representations, whereas, as the defendant contends, the true issue for the jury was, whether or not Newton had by his conduct led Weaver, as a sensible man, to believe that a fraud had been perpetrated upon him. The portion of the charge quoted in the exception under consideration is to be read in connection with the paragraph of the charge which follows. So read, the charge submits the issue to the jury as the defendant claims it should have been.

The tenth exception relates to the question of damages. The defendant contends that the charge was not sufficiently explicit in that it did not define the meaning of the term punitive damages. The jury were told, that if they found certain facts, they might give punitive damages ; otherwise they were to consider the exact amount of damages suffered. The evidence discloses that the plaintiff lay in jail ten weeks for want of bail in the trover suit, and there was testimony tending to show that the five houses which he was engaged in building, when arrested, were sold under the mortgages upon them, in consequence of his inability, by reason of his imprisonment, to complete them, and thereby to raise money for the payment of the mortgages, so that he lost the benefit of the labor and money expended by him upon the houses. As the verdict of the jury was for only $495.83, it is apparent that it did not award punitive damages, and that no injury accrued to the defendant from the omission of the court to give a definition of the term.

The case is remanded to the Court of Common Pleas for a new trial.                 *Exceptions sustained.*

*Edward C. Dubois*, for plaintiff.

*James M. Ripley & John D. Thurston*, for defendant.