## MOORE AND WIFE *versus* INHABITANTS OF ABBOT.

To maintain a suit against a town for the recovery of damage, sustained through a defect in its highway, it must be proved, *that* the highway was not safe and convenient; *that* the plaintiff exercised ordinary prudence and care; and *that* the injury was occasioned by the defect in the highway *alone.*

In such a suit, if it appear that the injury was occasioned jointly by a defect in the highway and a delinquency in the plaintiff's horse, carriage, or harness, rendering the same unsafe or unsuitable, the plaintiff cannot recover, although he had no knowledge of such deficiency, and was in no fault for the want of such knowledge.

When an injury is occasioned by the united effect of a defect in the way, and some other cause, the party, bound to keep the road in repair, is not liable.

In order to a recovery, it must be proved that the injury was occasioned solely by the neglect of the defendants, and not by the neglect of the town combined with another cause, for which they were not responsible.

An injury cannot be held to have been caused by a defect in the highway, when some other cause contributed to it.

CASE, for an injury sustained by the female plaintiff, through a defect in the highway of the defendant town.   She was riding on the highway in a wagon.

Evidence was introduced to the jury by the respective parties, as to the existence of the defect, the happening of the injury by means of it, and as to the care and prudence used by the plaintiffs.   Some evidence tended to show the breaking of a ring in the harness, at, or just prior to the accident.

Among other legal positions, SHEPLEY, C. J. presiding, instructed the jury, *that* they should be satisfied, before they could find a verdict for the plaintiffs, that the highway or bridge was not, at the time, safe and convenient; *that*, if satisfied there was such a defect, they should also be satisfied,

that the plaintiffs exercised ordinary care, in providing the horse, wagon and harness, and in the management of the horse; *that* the accident occurred, and the injury was occasioned by the defect in the way or bridge alone, and not by the joint effect of the defect in the way and a defect in the harness and wagon or either of them; *that* if they should be satisfied the accident happened by the joint effect of a defect in the wagon and a defect in the harness rendering it unsuitable or unsafe, although such defect in the harness was not known, and the plaintiffs were not in fault for want of knowledge, the plaintiffs would not be entitled to recover. To these instructions, the plaintiffs excepted.

*J. Appleton,* for the plaintiffs.

The second instruction required ordinary care on the part of the plaintiffs. The law recognizes a distinction between *ordinary care, a slight degree of care* and *a high degree of care,* and correlative degrees of neglect.

*Ordinary* care is not inconsistent with the *slightest degree of neglect.* They may co-exist.

*Extraordinary care, summa diligentia,* is not required. If ordinary care has been used, though in connection with slight neglect, the plaintiffs are entitled to recover.

Travelers have a right to consider the road in good repair, and to drive accordingly. " They are not required to be constantly on the lookout for difficulties, which they have a right to presume will not occur." *Thompson* v. *Bridgewater,* 7 Pick. 188.

Negligence, then, to deprive the plaintiff of his right of action, in all cases means " want of ordinary care." Consequently, extraordinary diligence, *exactissima diligentia,* is nowhere required, nor does the plaintiff fail, though guilty of a *very slight fault* or neglect, *levissima culpa.*

If the law be not thus, then is ordinary care and extraordinary care the same.

The third instruction to the jury was that, before they could find a verdict for the plaintiffs, they must be satisfied that the accident happened, and the injury was occasioned, by

the defect in the way *alone*, and not by the joint effect of the defect in the way and a defect in the harness and wagon or either of them.

We respectfully submit, that this instruction was erroneous.

The statute gives the right of action for an injury "*through any defect or want of repair.*" "To that statute, the Judge added the word, "*alone.*" This is a word of great intensity; it excludes all other co-operating causes, even an accident, or the slightest possible degree of negligence, although ordinary care was used. But the law is otherwise. 41 E. C. L. R. 422; 31 E. C. L. R. 536.

The great question is, what was the efficient cause, *the causa causans,* of the injury.

If the plaintiff, *over a good road,* might have proceeded with safety, driving precisely as she drove over this road, is it not manifest that the *defect* in the road was the *cause ?*

If there was care enough for a good road, surely the injury was caused by the defect. 18 Maine, 286. If both causes, the defect in the road and that in the harness, combined to produce the injury, it would not have occurred, except for the defect in the road. The state of the harness did not affect the state of the road; the state of the road affected the harness.

The fourth instruction was, that if the accident happened by the *joint* effect of a defect in the way and a defect in the harness, rendering it *unsuitable* or unsafe, although such defect *was not known,* and though the plaintiffs were in *no fault* for want of knowledge, they would not be entitled to recover.

This instruction requires not merely *ordinary* but *extraordinary* diligence. It exonerates the town from liability, although the road be ever so bad, and that, while the plaintiff is entirely *without fault.*

The preceding instruction required ordinary care, this requires extraordinary care, nay more, it makes the plaintiff insurer, not against good roads, but against the worst possible roads. It annihilates the rule of ordinary care.

The plaintiff, according to this instruction, might have had a harness, defective it may be, but amply sufficient for a good

road, yet the instruction is peremptory, that if it was not sufficiently strong to stand the worst defects, he must fail.

The instruction itself pre-supposes there was ordinary care, which is all that the law requires, and it precludes a plaintiff from ever recovering, though no omission or act of commission, for which, on any principle of law, he is responsible, contributed to the injury.

The Vermont statute is like ours ; its words are, "by means of any insufficiency, or want of repair." Verm. Stat. 432, sect. 13.

Under that statute, the decisions of that State are essentially at variance with the rulings in this case.   9 Verm. 411 ; 16 Verm. 231 ; 15 Verm. 711.

One of the very objects of safe and convenient roads is the protection of travelers, and to lessen the dangers resulting from fright, and from accidental causes, but if this be the law, what protection does the statute afford ?   When its need is greatest, its protection ceases.

*S. H. Blake,* for the defendants.

SHEPLEY, C. J. — The female plaintiff received a bodily injury while traveling on a highway, which the defendants were by law obliged to make safe and convenient.   The statute c. 25, § 89, provides, if any person shall receive any bodily injury "through any defect or want of repair" of such way, he may recover "the amount of damage sustained thereby."

Persons may be injured while traveling on the highways without being blame-worthy and without the fault of those who are required to make the ways safe and convenient, or of others.   In such cases the risk is their own.   They must bear their own misfortunes.   They cannot call upon others as insurers of their safety.

They may also suffer injury, while traveling upon highways, which are not safe and convenient, and the injury may not be occasioned by the want of repair, or by their own want of ordinary care to avoid it.   In such case it would be

quite clear, that they could not recover damages of those, who were in fault by neglecting to keep the way safe and convenient. The statute was not designed to relieve them from damages thus occasioned by making those responsible, whose duty it was to have repaired the ways.

An injury may also be occasioned by the united effect of a defect in the way and of some other cause, and in such case the party injured cannot recover of those whose duty it was to keep the way in repair, because he does not prove, that the injury was occasioned through or by reason of such want of repair. To enable him to recover he should prove that the injury was thus occasioned, that is, that it was entirely occasioned through such want of repair; for the statute was not intended to impose upon towns the burden of making compensation for injuries not occasioned by their own neglect of duty; was not intended to make them assume any portion of the risk of traveling not occasioned by their neglect. An injury cannot be determined to have been occasioned by a defect in the way so long as it remains certain, that some other cause contributed to produce that injury. Such is the law, when the injury is alleged to have been occasioned by the negligence of another person. And numerous cases show, that the same rule is applicable, when the action is brought against a town to recover damages for an injury occasioned by a defect in a highway.

In the case of *Knapp* v. *Salsbury*, 2 Camp. 500, Lord Ellenborough instructed the jury, "if what has happened arose from inevitable accident or from the negligence of the plaintiff, to be sure the defendant is not liable."

In the case of *Flushwell* v. *Wilson*, 5 C. & P. 375, the jury were instructed, "that if the plaintiff's negligence in any way concurred in producing the injury, the defendant would be entitled to the verdict."

In the case of *Williams* v. *Holland*, 6 C. & P. the jury were instructed, "if the injury was occasioned partly by the negligence of the defendant and partly by the negligence of the plaintiff's son, the verdict could not be for the plaintiff."

In the case of *Lynch* v. *Nurdin,* 1 Ad. & El. N. S. 30, the servant of the defendant had left his horse and cart in the street unattended for half an hour. The plaintiff, a boy under seven years of age, got upon it, and while he was getting off the shaft, another boy started the horse, and the plaintiff fell, the wheel passed over and broke his leg. Lord Denman, in delivering the opinion, makes a remark, which if alone considered would lead to a different conclusion, but when considered in connexion with the instruction to the jury, and their finding, and with other remarks in the same opinion, can be regarded only as an *obiter dictum.* While commenting upon the case of *Bird* v. *Holbrook,* 4 Bing. 628, he observes, " and so far is his lordship from avowing the doctrine, that the plaintiff's concurrence in producing the evil debars him from his remedy, that he considers *Ilott* v. *Wilkes,* 3 B. & Ald. 304, an authority in favor of the action." If this were to be considered as presenting the law of that case, it would be opposed to the whole current of authority in that country and in this, that when the injury is occasioned by the negligence of the defendant and the want of ordinary care on the part of the plaintiff, he will not be entitled to recover.

But such does not appear to have been the law of that case as held by the presiding Judge or by the court in bank. Mr. Justice WILLIAMS left it to the jury to decide, "whether that negligence occasioned the accident." And lord Denman in his opinion, while speaking of defendant's servant, says, "he has been the real and only cause of the mischief"; and says, "it was properly left to the jury, with whose opinion we concur."

In the case of *Bird* v. *Holbrook,* referred to by his lordship, the defendant had set a spring gun in his garden ; the plaintiff passed over the garden wall without license to get a fowl, that had strayed, without knowing that a spring gun was there, and stepped upon the wire attached to it, by which the gun was discharged and the injury occasioned. The only blame imputed to the plaintiff was, that he went into the garden without leave. It was not pretended, that such unlawful act

contributed to discharge the gun. He does not appear to have been charged with negligence in stepping upon the wire.

Is the reason for the rule so thoroughly established, that the plaintiff cannot recover when the injury was occasioned by the neglect of the defendant, and by his own want of ordinary care, that he is estopped by his want of ordinary care ? By no means; for then he could not recover, if he was not in the exercise of ordinary care although it did not in any degree contribute to cause the injury. The rule deducible from the decided cases is stated in the case of *Kennard* v. *Burton*, 25 Maine, 39 ; "if the party, by the want of ordinary care, contributed to produce the injury, he will not be entitled to recover. But if he did not exercise ordinary care, and yet did not by the want of it contribute to produce the injury, he will be entitled to recover." The last position is correct, because in such case, the sole cause of the injury is imputable to another, who cannot complain of the negligence of the plaintiff, which occasioned no injury, produced no effect.

And for the like reason, if the sole cause of the injury was not imputable to another, the plaintiff would not be entitled to recover, although it might not be imputable to his own negligence, but to "inevitable accident."

In the case of *Smith* v. *Smith*, 2 Pick. 621, PARKER, C. J. gives the true reason, why one not in the exercise of ordinary care, cannot recover against one guilty of negligence ; he says, "and where he has been careless, it cannot be known, whether the injury is wholly imputable to the obstruction, or to the party complaining."

The conclusion cannot therefore be avoided, that the plaintiff must prove, that the injury was occasioned by the default of the defendant alone, and not by that default and some other cause, for which the defendant is not responsible, without a disregard of the whole class of cases, which decide that the plaintiff cannot recover, when the injury is occasioned by the default of the plaintiff, and of defendant.

The doctrine, that the plaintiff can only recover when the injury complained of did not happen by inevitable accident,

or by the want of ordinary care on the part of the plaintiff, or by a combination of these with the want of repair of a highway, appears to be the only one consistent with sound reasoning, and to have been generally received and acted upon. It is difficult to perceive how any other doctrine can be received, without producing the effect to make towns liable to pay damages for injuries not proved to have been occasioned by their neglect. No proof can establish that fact, so long as it appears that some other cause contributed to produce the result. It was accordingly decided in *Libbey* v. *Greenbush,* 20 Maine, 47, that "the plaintiff had not fully established his right to recover, so long as this question was left in doubt."

The necessity, that the injury should be proved to have been occasioned by the neglect of the defendants alone, and not by that combined with another cause, for which the defendants were not responsible, has been the more carefully considered, because it would appear from the cases cited by the counsel for the plaintiffs, that a different rule has received the approbation of a court entitled to such high respect and approbation, as the court of Vermont.

In the case of *Adams* v. *Carlisle,* 21 Pick. 146, it is said, that two things must concur, first, that the highway was out of repair, and secondly, that the party complaining was driving with ordinary care and skill. It is obvious, that another element of proof, not then requiring the consideration of the court, was necessary. Proof that the injury was occasioned by a want of repair of the highway.

The cases of *Bird* v. *Holbrook* and *Lynch* v. *Nurdin* decide no more, than the admitted doctrine, that a plaintiff, who has been in fault or negligent, may recover, when such fault or negligence has not contributed to occasion the injury.

If the jury had found in this case, that the highway was not safe and convenient, that the injury was not occasioned solely thereby, but by that and defects in the wagon and harness, which rendered them unsuitable and unsafe, without blame being imputable therefor to the plaintiffs, and the case

had upon such finding been submitted to the court, to render judgment according to the rights of the parties, the accuracy of the instructions would be tested by the judgment to be rendered. And it could not be entered against the defendants without making them responsible for an injury partly occasioned by an unavoidable accident, and partly by their neglect. And such a judgment would make the town, when its ways were not in repair, an insurer against injuries, not occasioned by its own negligence, but partly by inevitable accident.

It is alleged in argument, that the instructions made the plaintiffs responsible for the exercise of more than ordinary care ; that the utmost caution and watchfulness was required. The fallacy of the argument consists in the omission to distinguish between the liability of the plaintiffs to suffer from inevitable accidents, or such as were occasioned without their own fault, and not wholly by the fault of the defendants, for which they can recover no compensation, although in the exercise of the utmost possible care ; and those accidents which are occasioned by the fault of the defendants alone, for which they may recover, unless their own want of ordinary care contributed to produce the injury. The instructions required of the plaintiffs the exercise of ordinary care only, while they protected the defendants from the payment of damages, occasioned by a combination of causes, for some of which they were not responsible. They held the plaintiffs liable to suffer, without obtaining compensation for damages occasioned by inevitable accident arising from defects in the harness and wagon, or by such defects contributing in combination with defects in the highway, to their injury.

The whole merits of the case, and the accuracy of the instructions depend upon a decision of the question, whether the defendants are liable to make compensation for an injury occasioned not alone by a defect in the highway, but by such defect and other causes, for which they are not responsible ; and that question has not only been already decided in this State, but the principle, upon which all the cases rest, that determine, that a plaintiff cannot recover, when the injury has

been occasioned partly by his own negligence, and partly by the negligence of the defendant, forbids any change of that decision.                            *Exceptions overruled.*