COOMBS *versus* INHABITANTS OF TOPSHAM.

When a verdict will be set aside as against evidence.

The law as laid down in *Moor* v. *Abbot*, 32 Maine, 46, reaffirmed.

CASE, to recover damages for injuries alleged to have been received by means of a defect in a public highway. The cause was tried before APPLETON, J.

After a verdict for the plaintiff the evidence was reported on a motion for a new trial. It was agreed that if the verdict was against evidence, or if the instructions given were erroneous, or if those rejected were material and were erroneously refused, the verdict should be set aside and a new trial granted; otherwise judgment to be rendered on the verdict.

*Bronson & Russell*, for defendants.

*Tallman & Orr*, for plaintiff.

TENNEY J. — This action is to recover damages alleged to have been sustained by the plaintiff upon Green street, in the town of Topsham, by reason of a defect therein, which street, it is also alleged, the defendants were bound to keep in repair.

In the attempt to have the verdict set aside, the defendants do not apparently rely upon errors in the instructions to the jury, or in withholding instructions which were requested. But they insist, that the verdict was palpably against the entire evidence of the case, and that there was no testimony on which the verdict against them can rest.

Some attempt was made by the plaintiff to show the existence of a highway, over the ground, on which the obstruction, that occasioned the injury was placed, by a location, exhibited by the town records, made in 1799; and also by a constant user for a period sufficiently long to render the town liable.

Without specifying the defects in the record, which are

obvious, the endeavor of the plaintiff to show the place of the location of that highway, so as to embrace within it, the alleged obstruction, appears from the evidence to have failed. So far as he succeeded in causing a protraction of that road upon the earth, it would leave the place of the accident a considerable distance westerly of the westerly line of the same.

Under their motion to set aside the verdict the defendants contend,— 1st. That the evidence introduced by the plaintiff, to show the road by an user, upon which the alleged defect existed, tends to establish no such fact, as will make them liable; and 2d. That the accident happened by a defect in the carriage of the plaintiff rendering it unsafe, so that if it did take place in the road which they were bound to keep in repair; or by the joint defect in the carriage and the road, they are not responsible therefor.

A survey of the road, and the grounds near, was made under an order of Court, and a plan of the same was introduced at the trial. Witnesses for both parties testified, that they saw the plaintiff when he was thrown from the sleigh, and when the injury alleged in his writ was received by him. Upon the plan introduced, a spot upon the earth is indicated, on which the object that the sleigh struck, lay at the time. No question is made, that this spot is correctly represented. Other objects are shown by the plan, and no doubt is raised that their position is in all respects correct. These are the Purrinton, the Thompson and the Coombs houses, the stone post near the Purrinton house, the pile of lumber, easterly of that post, and the pump near the Thompson house.

B. C. Bailey, the surveyor, who made the survey and plan, testified, that he has known the road called Green street thirty odd years, that he has never known any travel in the place, where the accident happened, and has known no change in the place of travel.

Walter R. Littlefield stated, that he saw the plaintiff's sleigh hit the log which lay a few feet from the stone post;

the log lay nearer the road, than the stone post stood; and has known no material change in the travel of the road.

Isaac Lincoln testified, that he had been acquainted in Topsham 50 years, and for a long time with the road running by the Purrinton house; and resided on that street 50 years ago; the travel of the road came within four feet of the Purrinton house, and he thought was the same as many years before.

The witness last named makes the travel of the road so near the Purrinton house, (and Littlefield having stated that the log which the sleigh struck was nearer the traveled part of the road, than the stone post,) that the log according to this testimony could not have been far to the west of the west line of the travel of the road. But it is proper to notice, that the spot shown by Littlefield to Bailey as the place of the disaster, is by the plan, not so near the traveled way as is the stone post.

The before named witnesses were all introduced by the plaintiff, and no one testified that the log, with which the sleigh came in contact, was within what was ever the traveled part of the street.

The testimony introduced by the defendants is strong and full, that the log was still further westerly from the travel of the road.

2. Henry A. Haines testified, that at the time the injury was received by the plaintiff, he rode with him, in Green street; that the horse jumped on to a pile of logs to the right, and threw the plaintiff out, &c. Before that, the horse had been frightened opposite Dr. McKeen's, a distance of forty rods or more, as appears by the plan, and run down to the Purrinton house, and that the hold-back iron broke, when they were opposite McKeen's, and let the sleigh against the horse and frightened him; and when he first jumped, he sprang as though something had hit his heels. This testimony of the plaintiff's witness is confirmed by that of George Rogers, who stated, that the plaintiff called on him, as one of the selectmen of the town of Topsham,

to settle the damage on account of the accident, and said, that opposite Dr. McKeen's, the hold-back iron broke, and let the sleigh against the horse's heels and frightened him; and that he could not tell whether he turned him in, in front of the Purrinton house for the purpose of stopping him, or whether he went in of his own accord.

Cyrus Purrinton, for the defendants, testified that he had a conversation with the plaintiff, who told him that the accident happened by his horse being frightened, and running away with him; that as he came down the street, he came very near running into the pump, and that after he passed the pump, he reined the horse in, in front of the Purrinton house, by the corner, to bring him up, and was there thrown out.

From this evidence, which is not apparently controlled by any other in the case, it is quite obvious, that the horse became unmanageable by the breaking of the hold-fast iron, near the house of Doct. McKeen, and the pressure of the carriage upon him, which caused him to be frightened. This contributed at least to the injury, as the evidence would seem clearly to indicate; and for it the defendants were not responsible, if it did not occur by any defect in the road, of which there is no evidence.

By the authority of adjudged cases, if the accident was only partially the result of a defect in the carriage, making it unsafe, though not previously known to the plaintiff, the defendants are not liable. *Moor* v. *Abbott*, 32 Maine, 46.

On the whole, it is so manifest, that upon both grounds relied upon, in the argument, in support of the motion, that the jury acted under a misapprehension of the evidence, of the instructions in law of the Court, from undue sympathy for the plaintiff, or were under some other improper influence, that it is thought proper, that the cause should be sent to another jury.      *Motion sustained, verdict set aside, and new trial granted.*

SHEPLEY, C. J., and RICE and CUTTING, J. J., concurred.