CHARLES H. HORTON & another *vs.* CITY OF TAUNTON.

TORT for injuries to the plaintiffs' horse and wagon and load of meat in a highway in Taunton.

The case came before this court on appeal from a judgment for the plaintiffs rendered in the superior court on agreed facts which were substantially as follows:

On the evening of November 28, 1866, about dark, the plaintiffs were driving with due care a kind and gentle horse drawing their loaded market wagon along Winthrop Street, one of the principal highways of the city, which the defendants were bound to keep in repair. Near the point where the accident occurred the street ran from west to east and was crossed by a brook over which there was a bridge. The travelled road was there about twenty-eight feet wide for several rods.

On the north side of the street west of the bridge the land descended gradually to the brook; affording a watering place for horses and cattle within the limits of the highway. Commencing at the distance of thirty-one feet from the beginning of this descent, a railing was erected which extended easterly several rods along the northern edge of the travelled portion of the highway, separating it from the deepest part of the descending portion; but, along the embankment caused by the descent, for this distance of thirty-one feet there was no railing. At the point where the railing began, measuring down the face of the bank, which was not perpendicular but sloped at an angle of about forty-five degrees, the depth from the travelled portion of the highway to the descending portion was about three feet.

About four o'clock in the afternoon a laborer employed by the city had deposited a load of stones within the limits of the highway, and near to, but wholly out of the travelled portion of it, by the side of a reservoir which the city was building on the southerly side of the road at a point east of the brook.

The plaintiffs were driving from west to east, and had come within a few feet

of these stones, when their horse took fright at them, and suddenly began to back, and continued backing until he reached a point beyond the end of the railing west of the brook, and within the thirty-one feet where the bank was unprotected by a railing; and there he backed himself and the wagon over the bank, and the injuries were sustained for which this action was brought. The accident occurred and all the damage was done within the limits of the highway. The plaintiffs remained in the wagon, and retained hold of the reins and used the ordinary means to control the horse and prevent the backing, but without success.

Neither the horse nor the wagon came in contact with the stones, or would have come in contact with them if the team had passed on in the course in which the plaintiffs were driving; nor would the accident have occurred if the horse had not been frightened. And it was agreed that "the accident would not probably have occurred had the railing extended further westward;" and it was admitted, for the purposes of the hearing, that the want of a railing at the point where the horse backed over the bank was a defect in the highway, and had existed for many months.

*W. H. Fox,* for the plaintiffs.

*E. H. Bennett,* for the defendants, cited, among other cases, *Moulton* v. *Sanford,* 51 Maine, 127.

CHAPMAN, J. This case was considered by the court in connection with *Titus* v. *Northbridge;* and the two cases must be governed by the same principle. In this case the horse became frightened by a pile of stones on the east side of a small bridge and on the south side of the travelled path. He was within a few feet of the stones. He suddenly backed across the bridge. On the west side of the bridge a railing extended along the north side of the travelled path for several rods. Beyond this railing there was an embankment not protected by a railing. The horse continued to back the wagon till it reached the unprotected place beyond the railing, and there precipitated the wagon and himself over the embankment. He must have backed the wagon a distance of several rods after he became uncontrollable, and his uncontrollable force brought the wagon and himself into connection with the defect.

*Judgment for the defendants.*