## Schaeffer v. Jackson Township, Appellant.

[Marked to be reported.]

*Negligence—Proximate and remote cause.*

While one is responsible for such consequences of his fault as are natural and probable and might therefore be foreseen by ordinary forecast, if his fault happen to concur with something extraordinary, and therefore not likely to be foreseen, he will not be answerable for the extraordinary result. This rule applies in actions against municipal and quasi municipal corporations as well as to natural persons and private corporations.

*Townships—Defective highway—Concurring causes of injury.*

Although a township be guilty of negligence in not remedying a defect in the highway, yet where an injury results from an extraordinary outside cause concurring with the defect in the highway, the township is not liable.

But the concurrence of an ordinary outside cause, which should have been foreseen by the public authorities, will not relieve the township from responsibility for its negligence.

It seems also that, if the injury would have occurred by the defect in the highway without regard to the extraordinary outside cause, the township would be liable.

To render a township liable for an injury by a defect in the highway, it must have been the sole efficient cause of the injury: Chartiers Twp. v. Phillips, 122 Pa. 601; Herr v. Lebanon.

In this case, a horse hitched to a vehicle took fright at a donkey drawing a cart loaded with tin cans, and ran away, wrecking one of the wheels, which dragged upon the ground until it came to a hole negligently left in the highway by the township, when the occupants were thrown out and injured: *Held*, that the proximate cause of the injury was the fright of the horse, and as this was not caused by any neglect of duty on the part of the authorities, the township was not liable.

Argued Feb. 15, 1892.    Appeal, No. 227, Jan. T., 1891, from judgment of C. P. Lebanon Co., Sept. T., 1887, No. 165, on verdict for plaintiff, in trespass for personal injuries, by neglect to keep highway in repair.    Before PAXSON, C. J.,

Sterrett, Green, Williams, McCollum, Mitchell and Heydrick, JJ.

The facts appear by the opinion of the Supreme Court.

Defendant's points were as follows, *inter alia* :

"4. If the jury believe that had it not been for the frightened horse, the broken wheel, the dragging axle, or either or any of these, the driver could have safely passed along and over the highway at the place where the injury happened to the plaintiff, then the verdict must be for the defendant. *Answer :* Affirmed if the jury also believe that the road on that day and at that place was a suitable and sufficient road for public travel conducted in the ordinary manner and by the ordinary means of conveyance.

"10. To render a township liable for an injury by a defect in the highway it must have been the sole efficient cause of the injury, and if the jury find from the evidence that the injury to the plaintiff was caused by the frightened horse and broken wagon concurring with a defect in the highway, the verdict must be for the defendant. *Answer :* Refused, under the facts of this case. If the injury was caused, partly by the accident, and partly by the neglect of the township to keep a sufficient portion of the road in suitable condition for public travel conducted in the ordinary manner and by ordinary means of conveyance, the plaintiff is entitled to recover.

"11. Under all the circumstances and evidence of this case the verdict must be for the defendant. *Answer :* Refused. The case is one for a jury."

*Errors assigned* were (1–3) answers to points, quoting points and answers.

*W. M. Derr*, for appellant.—Only the ordinary dangers of travel are to be provided against : Jackson Twp. v. Wagner, 127 Pa. 184. This includes skittish horses : Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276. But not extraordinary accidents : Hey v. Phila., 81 Pa. 44, 49.

A person is not answerable for the consequences arising from the conjunction of his fault with circumstances of an extraordinary nature : Fairbanks v. Kerr & Smith, 70 Pa. 86 ; Allegheny v. Zimmerman, 95 Pa. 287 ; Young v. Phila., C. P. Phila. Co., 2 W. N. 369 ; Wharton, Neg., § 984*a*.

The fourth point should have been affirmed without qualification. The plaintiff was not then traveling in the ordinary manner by the ordinary means of conveyance, and therefore the condition of the road at that place and time was immaterial, unless, perhaps, its condition contributed to the injury of which the court say nothing, simply putting it upon the ground that, if they also believe the road was sufficient for ordinary travel, having no regard to the injury done the plaintiff and the roadway being or not the cause of it.

To hold the township liable, the defect in the highway must be the sole cause of the injury: Aldrich v. Inhabitants of Gorham, 77 Me. 287 ; Searles v. Manhattan R. R., 101 N. Y. 661; Chartiers Twp. v. Phillips, 122 Pa. 601 ; Marble v. Worcester City, 4 Gray, 395, 397.   For this reason the 11th point should have been affirmed.

*Grant Weidman*, with him *P. S. Keiser*, for appellee.—The questions raised in this case have been fully decided by this court in Jackson Twp. v. Wagner, 127 Pa. 184; reaffirmed, s. c. 133 Pa. 61 ; and in Horstick v. Dunkle, 145 Pa. 220.

The jury in this case has found that this " accident was the natural or probable result of an act or omission of the township officers, which rendered the highway unsafe for the purpose of travel, conducted in the ordinary manner and by the ordinary means of conveyance," and, therefore, under the law as laid down by this court in the cases before cited, the fright of the horse, the breaking of the wagon and the driver's inability to guide the frightened animal (which is denied by the appellee), do not stand in the way of the appellee's recovery. It was not " an extraordinary accident inevitably leading to the injury," as no injury would have resulted if the road had been in proper repair.

The 4th point was in accordance with the instructions laid down in Jackson Twp. v. Wagner, 127 Pa. 184.   In Chartiers Twp. v. Phillips, 122 Pa. 601, the injury was caused by an intervening and independent cause for which defendant was not responsible, coupled with defendant's own negligence.

OPINION BY MR. JUSTICE HEYDRICK, July 13, 1892.

The plaintiff, an infant of less than four years of age, brought suit in the court below to recover damages for injuries

received in the same accident out of which Jackson Twp. v. Wagner, 127 Pa. 184, grew.    According to the plaintiff's witnesses, he started, in company with his mother, two younger children and Miss Wagner, the plaintiff below in Jackson Twp. v. Wagner, to drive over one of the highways of the defendant township.    At this time there was upon the side of the road in question a stone pile about twenty-five feet in length by from one to three feet in height, and at the side of the stone pile a hole in respect to the dimensions of which these witnesses differed widely, varying as to the depth from eight to eighteen inches ; as to the width, from eight inches to three feet, and as to the length from one foot to five feet.    The same witnesses differed as to the width of the road between this hole and the gutter almost as much ; one of them asserting that it was but seven or eight feet, while four others testified that it was from twelve to fourteen feet wide.    Upon this evidence, to which greater credit seems to have been given than to that on the part of the defendant, the jury found, under proper instructions as to the duty of the supervisors, that the road was not, on the day and at the place of the accident, suitable and sufficient for public travel conducted in the ordinary manner and by the ordinary means of conveyance.    It must therefore be assumed that the township was guilty of negligence ; and as there could be no question of contributory negligence on the part of an infant of such tender years as the plaintiff, the only question to be determined is whether upon the farther facts testified to by the plaintiff's witnesses the township is liable for the injury sustained by the plaintiff upon this road.

Whatever the condition of the road may have been the party passed over it safely and without noticing any defect therein, but when they had reached a point about one hundred and twenty feet beyond the stone pile, where the road was in good condition, they met a donkey drawing a cart loaded with tin cans, and another donkey which in the language of the witnesses was " loose and came towards the horse."    Thereat the horse became frightened, the driver lost control of him, and he turned suddenly around, wrenching the spokes of one of the front wheels out of the hub, and fled in the opposite direction, the hub of the broken wheel falling to and dragging upon the ground.    When the buggy reached the hole already described

the end of the axle dropped into it and the plaintiff was thrown
out upon the stone pile.   The testimony upon the part of the
defence showed very clearly that the occurrence was as is stated
by the reporter and in the opinion in Jackson Twp. v. Wagner,
supra, differing somewhat from the foregoing statement, but in
considering the assignments of error in this case the plaintiff's
testimony will be accepted as verity.   So accepting it, was the
defendant township answerable for the injury received by the
plaintiff ?

It is a general rule as well settled as anything in the law of
negligence that a man is responsible for such consequences of
his fault as are natural and probable, and might therefore be
foreseen by ordinary forecast, but if his fault happen to concur
with something extraordinary, and therefore not likely to be
foreseen, he will not be answerable for the extraordinary re-
sult.   This rule applies in actions against municipal and quasi
municipal corporations as well as to natural persons and private
corporations.   The concurrence of that which is ordinary with
a party's negligence does not relieve him from responsibility
for the resultant injury.   Examples of such concurrence may
be found in cases where by reason of causes known to the pub-
lic authorities horses are likely to become frightened and in
their sudden fright plunge over an unguarded precipice, or
rush upon some danger within the highway for the existence
of which the authorities are responsible.   In such cases the
consequences of the neglect of duty are natural and probable
and ought therefore to be foreseen.   But when, from extraordi-
nary causes, for the existence of which the supervisors are not
responsible and of which they cannot be presumed to have
had notice, a driver loses control of his horses and they come
in contact with a defect in the highway, there is no more
reason for holding the township answerable for a resultant in-
jury than there is for holding any other party responsible for
the result of the concurrence of something which he could not
foresee with his negligence.   In Massachusetts it was held in a
well considered case that when a horse by reason of fright, dis-
ease or viciousness becomes actually uncontrollable so that the
driver cannot stop him or direct his course, or exercise or regain
control over his movements, and in this condition comes upon
a defect in the highway, or upon a place which is defective for

want of a railing, by which an injury is occasioned, the town is not liable for the injury, unless it appears that it would have occurred if the horse had not been so uncontrollable: Titus v. Inhabitants of Northbridge, 97 Mass. 258. The doctrine of this case was reiterated in Horton v. Taunton, 97 Mass. 266 ; Fogg v. Nahant, 98 Mass. 578, and Stone v. Hubbardston, 100 Mass. 49. Similarly it has been held in Wisconsin that a town is not liable for an injury received upon a defective highway by a horse that has escaped from the control of its driver, unless it be made to appear affirmatively that the disability of the driver to control him was caused by the same or some other defect in the highway : Jackson v. The Town of Bellevue, 30 Wis. 250. In Maine also the same subject has been much considered, and with the like result: Moore v. Abbott, 32 Me. 46 ; Coombs v. Topsham, 38 Me. 204 ; Anderson v. Bath, 42 Me. 346 ; Moulton v. Sanford, 51 Me. 127. In the latest of these cases it was determined that if there be two efficient, independent proximate causes of an injury sustained by a traveler upon a highway, the primary cause being one for which the town is not responsible, and the other being a defect in such highway, the injury cannot be said to have been received through such defect, and the town is not liable therefor, though the traveler himself is in no default. It is true that in these states there are statutes defining the right of action for such injuries, but they are merely declaratory of the common law.

This precise question has not been as frequently considered in this state as in the states referred to, but in Chartiers Twp. v. Phillips, 122 Pa. 601, it was distinctly raised by a point in which the court was asked to charge that " To render a township liable for an injury by a defect in a highway it must have been the sole efficient cause of the injury, and if the jury find from the evidence that this accident to the plaintiff was caused by the uncontrollable struggle of a choking horse, or from this cause concurring with a defect in the highway, then their verdict must be for the defendant." For refusal to affirm this point without qualification the judgment of the common pleas was reversed. To the same effect is Herr v. The City of Lebanon, decided at this term. These judgments require no vindication. They are logical deductions from the rule of law which must be invoked by every plaintiff who seeks redress

for an injury received through the negligence of another. The injury must have been the natural and probable result of the defendant's negligence. But the cases must be rare in which an injury can be said to be the result of the negligence of a party when there is another and primary efficient proximate cause, wholly independent of such negligence and for which the party charged with negligence is in no way responsible. In such cases it would be incumbent on the plaintiff to show that the accident would have happened without the concurrence of the primary efficient proximate cause.

In this case the driver lost control of the horse the moment he took fright at the donkeys and tin cans, and she had not regained efficient control at the moment of the accident. Her own testimony is that she was trying to stop him, but had not succeeded. He was still pursuing his flight dragging the wrecked buggy after him when the occupants were thrown out. It may be conceded that the township would have been answerable for the injuries if it had appeared that the plaintiff would have been thrown out in the same manner if the horse had not received this extraordinary fright and wrecked the buggy but this did not appear. On the contrary it appeared in the plaintiff's evidence that the party had passed the place of the accident in safety a few minutes before without noticing any defect. But for the fright of the horse and the driver's loss of control they would have continued their journey, and of course the accident would not have happened. How much the wreck of the buggy may have had to do with the final catastrophe may be inferred from the account given by plaintiff's witnesses and the belief expressed by the driver that if the wheel instead of the hub had gone into the hole the buggy would not have been upset. But the loss of the wheel was not in any manner attributable to any defect in the highway. It was admitted that the road was in good condition at the point where this beginning of the accident occurred. It is therefore clear that the proximate cause of the plaintiff's injury was the fright of the horse, and that that fright was not caused by any defect in the highway or by any neglect of duty on the part of the supervisors.

For this reason the judgment must be reversed.