# Christian H. Habecker and Susan F. Habecker, Appellants, *v.* Lancaster Township.

*Negligence—Roads—Guard rail—Proximate and remote cause—Nonsuit.*
Where the sole efficient proximate cause was the breaking of harness in consequence of which the control of the horse and wagon was lost, with the result of their falling into a quarry pit near the road, the township will not be held liable for omitting guard rails which might have prevented the accident, and a nonsuit was properly granted.

Argued Nov. 17, 1898. Appeal, No. 89, Oct. T., 1898, by plaintiffs, from judgment of C. P. Lancaster Co., May T., 1896, No. 10, on compulsory nonsuit. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for damages sustained by reason of injuries received by plaintiffs through alleged neglect of defendant in not keeping a public road in safe condition. Before LIVINGSTON, P. J.

The facts sufficiently appear in the opinion of the court.

Plaintiffs claimed damages to the amount of $310. The court below directed a judgment of nonsuit which on motion it subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was refusing to strike off the judgment of nonsuit.

*B. F. Davis*, for appellants.—It is negligence in a municipality not to place barriers alongside of a dangerous road or bridge : Hey v. Phila., 81 Pa. 44; Hogan v. Mahanoy Twp., 174 Pa. 352; Yoders v. Amwell Twp., 172 Pa. 447; Bitting v. Maxatawney Twp., 177 Pa. 213.

Two causes may be jointly proximate, Burrell Twp. v. Uncapher, 117 Pa. 353, therefore it should be left to the jury to

say what caused the damage: Yoders v. Amwell Twp., 172 Pa. 447.

*Charles I. Landis,* with him *L. Ellmaker,* for appellee, relied on Willis v. Armstrong Co., 183 Pa. 184, Jackson Twp. v. Wagner, 127 Pa. 184, Kieffer v. Hummelstown Borough, 151 Pa. 304, and Chartiers Twp. v. Phillpis, 122 Pa. 601.

OPINION BY RICE, P. J., March 23, 1899:

At the point where the plaintiff's injury occurred the gutter on the left, going down the hill, was near to the wagon track, and at the side of the road on the right, five or six feet from the wagon track, but not, so far as the evidence shows, in the highway, was a quarry hole twelve or fifteen feet deep. This was guarded by a row of stones set on edge and projecting about half a foot above the ground. Some of the witnesses testified that the road slanted somewhat toward the quarry hole; that is, that one side was lower than the other. Christian Habecker, one of the plaintiffs, testified to the same effect, but on cross-examination he admitted that the right side was but very little lower than the other, and that, as to the grade from one side to the other, the road was "reasonably level." So far as the evidence shows, the road at this point was straight, or nearly so, but was steep and narrow.

Mrs. Habecker was familiar with the road. As she was driving down the hill, with Mrs. Good and two small children as companions, the left backing strap broke and, notwithstanding her efforts to prevent it, this caused the horse to veer to the right (or, as the plaintiff described it, "the backing strap that was on pulled the horse over"), and finally to go over the row of stones into the quarry hole. The backing strap broke about forty or fifty feet above this point, and when it occurred, in order to lighten the load, the plaintiff called upon her companions to jump from the wagon. Mrs. Good and one of the children did so without injury. Just as the horse and wagon were about to go over the embankment the plaintiff also jumped out and fell upon the stones. The other child remained in the wagon.

It is claimed that the township was negligent in not providing a sufficient guard at the quarry hole. Granting this, was

it the efficient or proximate cause of the injury to the persons of Mrs. Habecker and her child, and to the property of her husband?

It may be conceded for present purposes that if there had been a sufficiently strong guard rail this particular injury would not have happened. It is also clear that if the backing strap had not broken it would not have happened. Which was the proximate cause, and who, the court or the jury, was to determine that question? The rule is: "The injury must be the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrong-doer, and likely to flow from his act:" Hoag v. R. R. Co., 85 Pa. 293; Yoders v. Amwell Township, 172 Pa. 447; Bitting v. Maxatawny, 177 Pa. 213. It is supposable that if the question were submitted to a jury they would find, and perhaps would be justified in finding, that the supervisors might and ought to have foreseen, that, if the holdback strap broke as one was driving down this hill, the accident would be likely to happen that did happen in the present case. Was it their duty to make the road safe against the happening of such a contingency? Upon this general question as to the duty to maintain guard rails upon bridges and along dangerous places at the side of highways there are many adjudicated cases, most of which are reviewed in Yoders v. Amwell Township. It is sufficient to say that if the principle upon which that case was decided does not rule the present in the plaintiffs' favor, none of the earlier cases do. There the bridge, which was without guard rails, had been crossed in safety, but fourteen feet beyond the horse became frightened and backed on the bridge and then off. It was held, that the omission to provide guard rails was the dominant and, therefore, the proximate, cause, and the fright of the horse was an incident. Without it, it is true, the dominating cause could not have operated to produce the injury, but as susceptibility to fright is a common and well-known trait of even well-trained horses, it was for the jury to say whether or not it was an element in the danger of neglecting to properly guard the sides of the bridge which the supervisors ought to have foreseen and provided against. The case of Bitting v. Maxatawny, 177 Pa. 213; 180 Pa. 357, was ruled

in the same way and upon the same principle. In the last cited case the court said: "The duty of the township is to provide a reasonably safe highway for ordinary travel by the ordinary horse, and as was said in Trexler v. Greenwich Township, 168 Pa. 214, there is no duty on the township to provide for travel by exceptionally vicious, untrained and unmanageable animals. No roads, unless there were barriers on each side for the whole length of them, would make travel reasonably safe with such animals." In Willis v. Armstrong Co., 183 Pa. 184, it was sought to extend the doctrine of Yoders v. Amwell, to a case where a bridge not provided with guard rails had been crossed in safety, and afterwards the traces broke in consequence of which the wagon ran back down grade, and missing the bridge, went over the embankment into the stream. It was held, however, that the plaintiff was properly nonsuited. "At most the absence of guard rails was merely the remote cause of her injury. The sole, efficient and proximate cause was the breaking of the harness, in consequence of which the control of the wagon was lost." It is not often two cases can be found so nearly alike in all their essential and controlling facts as that case and the present. The township officers were under no more obligation to foresee the breaking of a holdback strap going downhill than the breaking of a trace going uphill, and were under no plainer obligation to provide against the consequences of the accident in one case than in the other. Nor can the two cases be distinguished upon the ground that in the case cited, the place of danger had been passed, for that was the case in Yoders v. Amwell and Bitting v. Maxatawny. Willis v. Armstrong Co. differs, and is distinguishable from the cases last cited in the primary cause, and this distinction being recognized, there is no conflict between them. Nor does Willis v. Armstrong Co. stand alone. It is supported by many decisions where in real principal the case for the plaintiff was as strong as the present. Amongst these may be mentioned Chartiers Township v. Phillips, 122 Pa. 601; Jackson Township v. Wagner, 127 Pa. 184; Herr v. Lebanon, 149 Pa. 222; Schaeffer v. Jackson Township, 150 Pa. 145; Kieffer v. Hummelstown Borough, 151 Pa. 304.

In Yoders v. Amwell Township Mr. Justice DEAN says: "Speculating on the doctrine of proximate and remote cause in

supposed or hypothetical cases seems to have been a sort of intellectual recreation with text writers on the subject, since the squib case in Scott v. Shephard, 2 Wm. Black. R. 892." We have not felt called upon to indulge in such speculation. Whilst the rule upon the subject is well settled the difficulty has been in the application of it to the facts of the innumerable cases that have arisen. The different results that have been reached in them depended not on any different view of the law but of the facts : Haverly v. R. R. Co., 135 Pa. 50. So that in following Willis v. Armstrong Co., and the class of cases to which it belongs, the court below did not come in conflict with Yoders v. Amwell and the class of cases to which it belongs. To adopt and repeat the language of the former case : Where the sole efficient proximate cause was the breaking of harness in consequence of which the control of the horse and wagon was lost with the result of their falling into a quarry pit near the road, the township will not be held liable for omitting guard rails which might have prevented the accident. This conclusion renders it unnecessary to consider the other reasons assigned by the court below, and urged in the argument here, in support of the judgment of nonsuit.

Judgment affirmed.